CMR

#350

**FILED**

APR 0 5 2010

MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DAGMA RODRIGUEZ                  :     JURY TRIAL DEMANDED
4710 Darrah Street               :
Philadelphia, PA 19124           :
                                 :     CIVIL ACTION NO. 10      1510
                    PLAINTIFF    :
                                 :
                                 :
          v.                     :
                                 :
CITY OF PHILADELPHIA             :
1515 Arch Street                 :
14th Floor                       :
Philadelphia, PA 19102           :
                                 :
          and                    :
                                 :
PHILADELPHIA POLICE DEPARMENT    :
One Franklin Square              :
Philadelphia, PA 19106           :
                                 :
          and                    :
                                 :
POLICE OFFICER THOMAS TOLSTOY    :
BADGE NO. 3817, Individually and :
in his official capacity as      :
as a Police Officer of the City of :
Philadelphia                     :
1515 Arch Street, 15th Floor     :
Philadelphia, PA 19102           :
                                 :
          and                    :
                                 :
POLICE OFFICER JEFFREY CUDJIK,   :
BADGE NO. 6688, Individually and in :
his official capacity as a Police Officer :
of the City of Philadelphia      :
1515 Arch Street, 15th Floor     :
Philadelphia, PA 19102           :
                                 :
          and                    :
                                 :
POLICE OFFICER RICHARD CUDJIK,   :
BADGE NO. 3262, Individually and in :
his official capacity as a Police Officer :



of the City of Philadelphia                              :
1515 Arch Street, 15th Floor                             :
Philadelphia, PA 19102                                   :
                                                         :
    and                              :
                                                         :
POLICE OFFICER ROBERT                                    :
MCDONNELL, JR., BADGE NO. 6475                           :
Individually and in his official capacity                :
as a Police Officer of the City of                       :
Philadelphia                                             :
1515 Arch Street, 15th Floor                             :
Philadelphia, PA 19102                                   :
                                                         :
    and                              :
                                                         :
POLICE OFFICER MARK PALMA,                               :
BADGE NO. 8195, Individually and in                      :
his official capacity as a Police Officer                :
of the City of Philadelphia                              :
1515 Arch Street, 15th Floor                             :
Philadelphia, PA 19102                                   :
                                                         :
    and                              :
                                                         :
POLICE OFFICER STEPHEN                                   :
DYMTRYCK, BADGE NO. 1851                                 :
Individually and in his official capacity                :
as a Police Officer of the City of                       :
Philadelphia                                             :
1515 Arch Street, 15th Floor                             :
Philadelphia, PA 19102                                   :
                                                         :
    and                              :
                                                         :
POLICE OFFICER ANTHONY                                   :
PARROTTI, BADGE NO. 4810                                 :
Individually and in his official capacity                :
as a Police Officer of the City of                       :
Philadelphia                                             :
1515 Arch Street, 15th Floor                             :
Philadelphia, PA 19102                                   :
                                                         :
    and                              :
                                                         :

POLICE OFFICER JAMIE BROWN,                :
BADGE NO.  4617, Individually and in       :
his official capacity as a Police Officer  :
of the City of Philadelphia                :
1515 Arch Street, 15th Floor    :
Philadelphia, PA 19102                     :
                                           :
      and    :
                                           :
POLICE OFFICER THOMAS KUHN,                :
BADGE NO.  4131, Individually and in       :
his official capacity as a Police Officer  :
of the City of Philadelphia                :
1515 Arch Street, 15th Floor    :
Philadelphia, PA 19102                     :
                                           :
      and    :
                                           :
POLICE OFFICERS  JOHN/JANE DOE             :
NOS. 1 through 10, Individually and in     :
in their capacities as police officers of the :
City of Philadelphia                       :
                                           :
     DEFENDANTS    :

| NOTICE | AVISO |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. | Le han demandado a usted en la corte. Si usted quiere oefendersa de estas demandas expuestes en las páginas siguentes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará meoidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perdar dinero o sus propiedades u otros derechos importantes para usted. |
| YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP. | **LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL** |
| Philadelphia Bar Association | Philadelphia Bar Association |
| 1101 Market Street, 11th Floor | 1101 Market Street, 11th Floor |
| Philadelphia, PA 19107 | Philadelphia, PA 19107 |
| (215) 238-6300 | (215) 238-6300 |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DAGMA RODRIGUEZ     :  JURY TRIAL DEMANDED
4710 Darrah Street       :
Philadelphia, PA 19124     :
              :  CIVIL ACTION NO.
      PLAINTIFF   :
              :
  v.            :
              :
CITY OF PHILADELPHIA    :
1515 Arch Street       :
14th Floor         :
Philadelphia, PA  19102    :
              :
   and        :
              :
PHILADELPHIA POLICE DEPARMENT :
One Franklin Square     :
Philadelphia, PA  19106    :
              :
   and        :
              :
POLICE OFFICER THOMAS TOLSTOY :
BADGE NO.  3817, Individually and :
in his official capacity as    :
as a Police Officer of  the City of  :
Philadelphia       :
1515 Arch Street, 15th Floor   :
Philadelphia, PA 19102     :
              :
   and        :
              :
POLICE OFFICER JEFFREY CUDJIK, :
BADGE NO.  6688, Individually and in :
his official capacity as a Police Officer :
of the City of Philadelphia   :
1515 Arch Street, 15th Floor   :
Philadelphia, PA 19102     :
              :
   and        :
              :
POLICE OFFICER RICHARD CUDJIK, :
BADGE NO.  3262, Individually and in :
his official capacity as a Police Officer :

of the City of Philadelphia                    :
1515 Arch Street, 15th Floor                 :
Philadelphia, PA 19102                         :
                                               :
     and              :
                                               :
POLICE OFFICER ROBERT                          :
MCDONNELL, JR., BADGE NO. 6475                 :
Individually and in his official capacity      :
as a Police Officer of the City of            :
Philadelphia                                   :
1515 Arch Street, 15th Floor                 :
Philadelphia, PA 19102                         :
                                               :
     and              :
                                               :
POLICE OFFICER MARK PALMA,                     :
BADGE NO. 8195, Individually and in            :
his official capacity as a Police Officer      :
of the City of Philadelphia                    :
1515 Arch Street, 15th Floor                 :
Philadelphia, PA 19102                         :
                                               :
     and              :
                                               :
POLICE OFFICER STEPHEN                         :
DYMTRYCK, BADGE NO. 1851                       :
Individually and in his official capacity      :
as a Police Officer of the City of            :
Philadelphia                                   :
1515 Arch Street, 15th Floor                 :
Philadelphia, PA 19102                         :
                                               :
     and              :
                                               :
POLICE OFFICER ANTHONY                         :
PARROTTI, BADGE NO. 4810                       :
Individually and in his official capacity      :
as a Police Officer of the City of            :
Philadelphia                                   :
1515 Arch Street, 15th Floor                 :
Philadelphia, PA 19102                         :
                                               :
     and              :
                                               :

POLICE OFFICER JAMIE BROWN,                 :
BADGE NO. 4617, Individually and in         :
his official capacity as a Police Officer   :
of the City of Philadelphia                 :
1515 Arch Street, 15th Floor                :
Philadelphia, PA 19102                      :
                                            :
        and                                 :
                                            :
POLICE OFFICER THOMAS KUHN,                 :
BADGE NO. 4131, Individually and in         :
his official capacity as a Police Officer   :
of the City of Philadelphia                 :
1515 Arch Street, 15th Floor                :
Philadelphia, PA 19102                      :
                                            :
        and                                 :
                                            :
POLICE OFFICERS  JOHN/JANE DOE              :
NOS. 1 through 10, Individually and in      :
in their capacities as police officers of the :
City of Philadelphia                        :
                                            :
            DEFENDANTS                      :

---

## COMPLAINT

AND NOW comes plaintiff, Dagma Rodriguez, by and through her undersigned counsel,

and demands damages from defendants, jointly and severally, and in support thereof avers as

follows:

### I. THE PARTIES

1.      Plaintiff, Dagma Rodriguez, is an adult citizen of the Commonwealth of Pennsylvania residing

at the above-captioned address.

2.      Defendant, City of Philadelphia, is a municipal corporation and a City of the First Class

incorporated under the laws of the Commonwealth of Pennsylvania.

3.      Defendant, Philadelphia Police Department, is a department of the City of Philadelphia and a local agency incorporated under the laws of the Commonwealth of Pennsylvania.

4.      Defendants, Police Officer Thomas Tolstoy, Badge No. 3817; Police Officer Jeffrey Cudjik, Badge No. 6688; Police Officer Richard Cudjik, Badge No. 3262; Police Officer Robert McDonnell, Jr., Badge No. 6475; Police Officer Mark Palma, Badge No. 8195; Police Officer Stephen Dymtryck, Badge No. 1851; Police Officer Anthony Parrotti, Badge No. 4810; Police Officer Jamie Brown, Badge No. 4617; Police Officer  Thomas Kuhn, Badge No. 4131; and Police Officers John/Jane Doe Nos. 1 through 10 (hereinafter Defendants, "Police Officers") were, at all times relevant and material thereto, employed as police officers with Defendants, City of Philadelphia and the Philadelphia Police Department.  They are being sued both individually and in their official capacities as police officers, agents and/or employees of Defendants, City of Philadelphia and Philadelphia Police Department.

5.      At all times relevant and material hereto, Defendants, Police Officers, acted within the course and scope of their employment, under color of state law, and pursuant to unlawful customs, policies and practices of Defendants, City of Philadelphia and Philadelphia Police Department, set forth at length hereinafter.  Each officer was acting in concert and conspiracy with the other known and unknown defendant police officers.

## II. JURISDICTION AND VENUE

6.      This is a civil action seeking damages against the defendants for committing acts that deprived plaintiff of rights secured under the Constitution and laws of the United States of America pursuant to Title 42 U.S.C. §§ 1981, 1983, and 1988 and state law tort claims.  **A jury trial is requested.**

7.     This Court's jurisdiction to adjudicate plaintiff's civil rights claims is predicated, inter alia, upon Title 28 U.S.C. §§ 1331 and 1343.  Plaintiff's federal claims arise pursuant to 42 U.S.C. §§ 1983 and 1988.  Plaintiff also invokes the Court's supplemental jurisdiction pursuant to 28 U.S.C.  § 1367.

8.     Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391(b) because all parties reside or maintain their principal place of business in the District, and because all claims accrued within the District.

## III. FACTUAL ALLEGATIONS

9.     On or about April 3, 2008, at approximately 5:00 p.m., Plaintiff, Dagma Rodriguez, was in her home at 653 E. Thayer Street in Philadelphia, with her children and her fiancé, Armando Souverain, when Defendants, Police Officers, forcibly entered the house, searched the house, and ultimately ordered all of the occupants outside except for plaintiff.

10.    When all of the other occupants of the house were outside, Defendant, Police Officer Thomas Tolstoy, ordered plaintiff to an upstairs bedroom; backed her against a wall; forcibly detained her; rubbed, groped, and fondled her breasts against her will and notwithstanding her tearful protests; and otherwise assaulted and battered and sexually assaulted and battered plaintiff for a period which, upon information and belief, lasted upwards of half-an-hour.

11.    Plaintiff filed a complaint against Defendant, Police Officer Thomas Tolstoy, with the Philadelphia Police Department's Internal Affairs Division.

12.    To date, plaintiff has no knowledge or information of any charges filed or disciplinary action taken against any of the Defendants, Police Officers, by Defendants, City of Philadelphia or Philadelphia Police Department.

13.    The Defendants, Police Officers' purported purpose for entering plaintiff's home was to search for unlawful drugs.  Gun and drug charges were brought against plaintiff's fiancé which

eventually were dismissed for lack of prosecution. No charges of any kind ever were brought against plaintiff.

14.     At all times relevant and material hereto, all of the other Defendants, Police Officers, were aware of Defendant, Police Officer Thomas Tolstoy's, propensity and history of committing acts of sexual and other violence against women, including during home entries to conduct searches, seizures, and arrests.

15.     At all times relevant and material hereto, all of the other Defendant Police Officers acted in concert and conspiracy with Defendant, Police Officer Thomas Tolstoy, to facilitate said defendant's acts of sexual and other violence against the plaintiff during the invasion of plaintiff's home.

16.     At all times relevant material hereto, Defendants, City of Philadelphia and Philadelphia Police Department, were charged with the responsibility and duty of testing, hiring, training, supervising, and disciplining police officer employees of the City of Philadelphia and Philadelphia Police Department, including Defendants, Police Officers.

17.     At all relevant and material times hereto, all defendants were acting in their official capacities and were acting within the course and scope of their employment and under color of state law.

18.     At all relevant and material times hereto, the actions and/or failures of the Defendants, Police Officers, and the policies, practices, and/or customs of Defendants, City of Philadelphia and Philadelphia Police Department, deprived plaintiff of constitutional and statutory rights.

19.     As a direct and proximate result of the actions and/or failures to act of the Defendants, Police Officers, and the policies, practices, and/or customs of Defendants, City of Philadelphia and Philadelphia Police Department, plaintiff sustained mental, psychological and emotional

distress; anxiety; panic; depression; fear of leaving the house; fear and dislike of being touched; impairment of intimacy and sexual relations; embarrassment; humiliation; and resulting physical injury and harm, which are likely to continue in the future.  Plaintiff has undergone and will undergo in the future great mental and physical pain and suffering.  Plaintiff has suffered and will continue to suffer loss of the enjoyment of life and life's pleasures and the ability to perform her usual and customary daily activities, avocations, and occupations.  As a further result, plaintiff has been caused to incur and may be caused to incur in the future expenses for medical care.  Plaintiff has sustained a loss of earnings and diminished earning capacity, which may continue for an indefinite time into the future.  She also has incurred other financial expenses and losses, which may continue for an indefinite time into the future.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, for compensatory damages in an amount in excess of $150,000.00, for punitive damages in an amount in excess of $150,000.00, plus interest, costs, attorney's fees and such other relief as this Honorable Court may deem just.

## IV. CLAIMS

## COUNT I

**FOURTH, FIFTH, EIGHTH, AND FOURTEENTH AMENDMENT
AND STATUTORY CIVIL RIGHTS VIOLATIONS
PLAINTIFF, DAGMA RODRIGUEZ v. ALL DEFENDANTS**

20.     The allegations of the preceding paragraphs of this complaint are incorporated by reference herein the same as though set forth herein at length.

21.     As aforesaid, Defendants, Police Officers, acting within the course and scope of their employment, under color of state law and pursuant to the unlawful customs, policies and practices of Defendants, City of Philadelphia and Philadelphia Police Department, deprived plaintiff of her

rights, privileges and immunities under the laws and Constitution of the United States, in particular, the right to be free from the unreasonable, unjustified, and unnecessary use of force; to be secure in her person and property; unlawful detention; and due process of law, all of which actions violated the plaintiff's rights under the United States Constitution, including, but not limited to, the Fourth, Fifth, Eighth and Fourteenth Amendments of the Constitution; the laws of the United States, including, but not limited to, 42 U.S.C. §§ 1983 and 1988; and the Constitution and laws of the Commonwealth of Pennsylvania.

22.    Defendants, Police Officers, intentionally, deliberately and maliciously used and/or conspired to use unreasonable, unjustified, and unnecessary force on the plaintiff, harming her physically and emotionally and placing her in fear of further imminent bodily harm, which violated plaintiff's rights under the United States Constitution, including, but not limited to, the Fourth, Fifth, Eighth and Fourteenth Amendments of the Constitution; the laws of the United States, including, but not limited to, 42 U.S.C. §§ 1983 and 1988; and the Constitution and laws of the Commonwealth of Pennsylvania.

23.    At all material times, Defendants, City of Philadelphia and Philadelphia Police Department, developed and maintained policies, practices and/or customs exhibiting deliberate indifference to the constitutional rights of persons in the City of Philadelphia, which violated the plaintiff's rights under the United States Constitution, including, but not limited to, the Fourth, Fifth, Eighth and Fourteenth Amendments of the Constitution; the laws of the United States, including, but not limited to, 42 U.S.C. §§ 1983 and 1988; and the Constitution and laws of the Commonwealth of Pennsylvania, and which was a proximate cause of the violation of the plaintiff's civil rights by Defendants, Police Officers.

24.     It was the policy, practice, and/or custom of Defendants, City of Philadelphia and Philadelphia Police Department, to condone the use of unjustified, unreasonable, and unnecessary force, including, but not limited to, assault and battery and sexual assault and battery, by its police officers against family members and friends of crime suspects and against innocent bystanders, as well as crime suspects, in the course of home invasions and other searches, seizures, and arrests.

25.     It was the policy, practice, and/or custom of Defendants, City of Philadelphia and Philadelphia Police Department, to conduct cursory and ineffectual investigations of misconduct by police officers, including, but not limited to, misconduct comprising the use of unjustified, unreasonable, and unnecessary force, including, but not limited to, assault and battery and sexual assault and battery, against family members and friends of crime suspects and against innocent bystanders, as well as crime suspects, in the course of home invasions and other searches, seizures, and arrests.

26.     It was the policy, practice, and/or custom of Defendants, City of Philadelphia and Philadelphia Police Department, to conduct cursory and ineffectual disciplinary proceedings for misconduct by police officers, including, but not limited to, misconduct comprising the use of unjustified, unreasonable, and unnecessary force, including, but not limited to, assault and battery and sexual assault and battery, against family members and friends of crime suspects and against innocent bystanders, as well as crime suspects, in the course of home invasions and other searches, seizures, and arrests.

27.     It was the policy, practice, and/or custom of Defendants, City of Philadelphia and Philadelphia Police Department, to employ lenient or no disciplinary measures against police officers found guilty of misconduct, including, but not limited to, misconduct comprising the use

of unjustified, unreasonable, and unnecessary force, including, but not limited to, assault and battery and sexual assault and battery, against family members and friends of crime suspects and against innocent bystanders, as well as crime suspects, in the course of home invasions and other searches, seizures, and arrests.

28.    It was the policy, practice, and/or custom of Defendants, City of Philadelphia and Philadelphia Police Department, to conduct ineffectual defenses of appeals and grievances by police officers whom it disciplined or attempted to discipline for misconduct, including, but not limited to, misconduct comprising the use of unjustified, unreasonable, and unnecessary force, including, but not limited to, assault and battery and sexual assault and battery, by its police officers against family members and friends of crime suspects and against innocent bystanders, as well as crime suspects, in the course of home invasions and other searches, seizures, and arrests.

29.    It was the policy, practice, and/or custom of Defendants, City of Philadelphia and Philadelphia Police Department, to fail to train its police officers in proper methods of investigating crimes in a manner utilizing only justified, reasonable, and necessary force during home invasions and other searches, seizures, and arrests.

30.    It was the policy, practice, and/or custom of Defendants, City of Philadelphia and Philadelphia Police Department, to fail to train their police officers in the importance and necessity of reporting acts of unjustified, unreasonable, and unnecessary force, including, but not limited to assault and battery and sexual assault and battery, by fellow police officers, and the effects of such acts of force upon the victims.

31.    The above-described unlawful policies, practices, and customs demonstrated a deliberate indifference on the part of policymakers of Defendants, City of Philadelphia and Philadelphia

Police Department, and were direct and proximate causes of the violations of the plaintiff's constitutional rights alleged herein.

32.     As a direct and proximate result of the actions and/or failures to act of the Defendants, Police Officers, and the policies, practices, and/or customs of Defendants, City of Philadelphia and Philadelphia Police Department, plaintiff sustained mental, psychological and emotional distress; anxiety; panic; depression; fear of leaving the house; fear and dislike of being touched; impairment of intimacy and sexual relations; embarrassment; humiliation; and resulting physical injury and harm, which are likely to continue in the future.  Plaintiff has undergone and will undergo in the future great mental and physical pain and suffering.  Plaintiff has suffered and will continue to suffer loss of the enjoyment of life and life's pleasures and the ability to perform her usual and customary daily activities, avocations, and occupations.  As a further result, plaintiff has been caused to incur and may be caused to incur in the future expenses for medical care.  Plaintiff has sustained a loss of earnings and diminished earning capacity, which may continue for an indefinite time into the future.  She also has incurred other financial expenses and losses, which may continue for an indefinite time into the future.

33.     The above-described actions of Defendants, Police Officers, and the unlawful policies, practices, and customs of Defendants, City of Philadelphia and Philadelphia Police Department, were so malicious, intentional, and reckless and displayed such a reckless indifference to the plaintiff's rights and well being, that the imposition of punitive damages is warranted.

**WHEREFORE**, plaintiff demands judgment against the defendants, jointly and severally, for compensatory damages in an amount in excess of $150,000.00, for punitive damages in an amount in excess of $150,000.00, plus interest, costs, attorney's fees and such other relief as this Honorable Court may deem just.

## COUNT II

### DISCRIMINATION AND CIVIL RIGHTS VIOLATIONS
### PLANTIFF, DAGMA RODRIGUEZ V. ALL DEFENDANTS

34.     The allegations of the preceding paragraphs of this complaint are incorporated by reference herein the same as though set forth herein at length.

35.     At all material times, it was the policy, practice and/or custom of Defendants, City of Philadelphia and Philadelphia Police Department, to condone discriminatory behavior on the part of its police officers toward members of the public who were minorities, including, but not limited to, Hispanics, such as the plaintiff.

36.     The discriminatory behavior condoned by Defendants, City of Philadelphia and Philadelphia Police Department, included, but was not limited to, unlawfully detaining and using unnecessary and excessive force, including assault and battery and sexual assault and battery, all on the basis of race.

37.     Defendants, Police Officers, acting within the course and scope of their employment, under the color of state law, and pursuant to the unlawful policies, practices, and/or customs of Defendants, City of Philadelphia and Philadelphia Police Department, intentionally and maliciously detained, assaulted and battered and sexually assaulted and battered Plaintiff, Dagma Rodriguez, and/or conspired to do same, and used their positions of authority to illegally and improperly harm the plaintiff by the above-described actions, all of which they did on the basis of plaintiff's ethnicity, and all of which violated the plaintiff's rights under the United States Constitution, including, but not limited to, the Fourth, Fifth, Eighth and Fourteenth Amendments of the Constitution; the laws of the United States, including, but not limited to, 42 U.S.C. §§ 1981, 1983 and 1988; and the Constitution and laws of the Commonwealth of Pennsylvania.

38.     The defendants violated plaintiff's civil rights pursuant to 42 U.S.C. §§ 1981, 1983 and

1988, as well as Title VII, other federal statutes, and the Constitution and laws of the

Commonwealth of Pennsylvania, in the following:

(a)     Discriminating against the plaintiff based upon her ethnicity - i.e., Hispanic;

(b)     Failing to provide the plaintiff with equal protection of the laws and
        participating in unjustified and unreasonable use of force and sexual violence on
        the plaintiff;

(c)     Failing to provide the plaintiff with her due process rights;

(d)     Acting with an evil motive or intent and with a reckless or
        callous indifference to the plaintiff's federally protected rights;

(e)     Unlawful oppression of plaintiff's rights;

(f)     Unlawfully detaining the plaintiff;

(g)     Assaulting and battering the plaintiff;

(h)     Sexually assaulting and battering the plaintiff;

(i)     Conspiring to assault and batter the plaintiff;

(j)     Conspiring to sexually assault and batter the plaintiff;

(k)     Failing to provide the plaintiff with equal protection of the laws;

(l)     Maintaining policies, practices, and/or customs condoning discrimination by
        police officers on the basis of ethnicity and race.

39.     The above-described unlawful policies, practices, and/or customs demonstrated a

deliberate indifference on the part of policymakers of Defendants, City of Philadelphia and

Philadelphia Police Department, and were direct and proximate causes of the violations of the

plaintiff's constitutional rights alleged herein.

40.     As a direct and proximate result of the actions and/or failures to act of the Defendants,

Police Officers, and the policies, practices, and/or customs of Defendants, City of Philadelphia

and Philadelphia Police Department, plaintiff sustained mental, psychological and emotional

distress; anxiety; panic; depression; fear of leaving the house; fear and dislike of being touched;

impairment of intimacy and sexual relations; embarrassment; humiliation; and resulting physical

injury and harm, which are likely to continue in the future.  Plaintiff has undergone and will

undergo in the future great mental and physical pain and suffering.  Plaintiff has suffered and

will continue to suffer loss of the enjoyment of life and life's pleasures and the ability to perform

her usual and customary daily activities, avocations, and occupations. As a further result, plaintiff has been caused to incur and may be caused to incur in the future expenses for medical care. Plaintiff has sustained a loss of earnings and diminished earning capacity, which may continue for an indefinite time into the future. She also has incurred other financial expenses and losses, which may continue for an indefinite time into the future.

41.     The above-described actions of Defendants, Police Officers, and the unlawful policies, practices, and customs of Defendants, City of Philadelphia and Philadelphia Police Department, were so malicious, intentional, and reckless and displayed such a reckless indifference to the plaintiff's rights and well being, that the imposition of punitive damages is warranted.

        **WHEREFORE**, plaintiff demands judgment against the defendants, jointly and severally, for compensatory damages in an amount in excess of $150,000.00, for punitive damages in an amount in excess of $150,000.00, plus interest, costs, attorney's fees and such other relief as this Honorable Court may deem just.

## COUNT III

### ASSAULT AND BATTERY, SEXUAL ASSAULT AND BATTERY, AND CONSPIRACY TO COMMIT ASSAULT AND BATTERY AND SEXUAL ASSAULT AND BATTERY PLAINTIFF, DAGMA RODRIGUEZ v. DEFENDANTS, POLICE OFFICERS

42.     The allegations of the preceding paragraphs of this complaint are incorporated by reference herein the same as though set forth herein at length.

43.     The above-described actions of the Defendants, Police Officers, constituted assault and battery and sexual assault and battery and/or conspiracy to commit same, and placed the plaintiff in the reasonable fear of further imminent bodily harm, including rape.

44.     As a direct and proximate result of the malicious, intentional, and/or reckless actions of Defendants, Police Officers, plaintiff sustained mental, psychological and emotional distress;

anxiety; panic; depression; fear of leaving the house; fear and dislike of being touched; impairment of intimacy and sexual relations; embarrassment; humiliation; and resulting physical injury and harm, which are likely to continue in the future.  Plaintiff has undergone and will undergo in the future great mental and physical pain and suffering.  Plaintiff has suffered and will continue to suffer loss of the enjoyment of life and life's pleasures and the ability to perform her usual and customary daily activities, avocations, and occupations.  As a further result, plaintiff has been caused to incur and may be caused to incur in the future expenses for medical care.  Plaintiff has sustained a loss of earnings and diminished earning capacity, which may continue for an indefinite time into the future.  She also has incurred other financial expenses and losses, which may continue for an indefinite time into the future.

45.     The above-described actions of Defendants, Police Officers, were so malicious, intentional, and reckless and displayed such a reckless indifference to the plaintiff's rights and well-being, that the imposition of punitive damages is warranted.

**WHEREFORE**, plaintiff demands judgment against the defendants, jointly and severally, for compensatory damages in an amount in excess of $150,000.00, for punitive damages in an amount in excess of $150,000.00, plus interest, costs, attorney's fees and such other relief as this Honorable Court may deem just.

## COUNT IV

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### PLAINTIFF, DAGMA RODRIGUEZ v. DEFENDANTS, POLICE OFFICERS

46.     The allegations of the preceding paragraphs of this complaint are incorporated by reference herein the same as though set forth herein at length.

47.     The actions and omission of Defendants, Police Officers, as set forth in this complaint, were negligent, careless, and reckless, which only served to cause injury to the plaintiff.

48.     As a direct and proximate result of the conduct of Defendants, Police Officers, the plaintiff sustained mental, psychological and emotional distress; anxiety; panic; depression; fear of leaving the house; fear and dislike of being touched; impairment of intimacy and sexual relations; embarrassment; humiliation; and resulting physical injury and harm, which are likely to continue in the future.  Plaintiff has undergone and will undergo in the future great mental and physical pain and suffering.  Plaintiff has suffered and will continue to suffer loss of the enjoyment of life and life's pleasures and the ability to perform her usual and customary daily activities, avocations, and occupations.  As a further result, plaintiff has been caused to incur and may be caused to incur in the future expenses for medical care.  Plaintiff has sustained a loss of earnings and diminished earning capacity, which may continue for an indefinite time into the future.  She also has incurred other financial expenses and losses, which may continue for an indefinite time into the future.

49.     The above-described actions of Defendants, Police Officers, displayed such a reckless indifference to the plaintiff's rights and well-being, that the imposition of punitive damages is warranted.

**WHEREFORE**, plaintiff demands judgment against the defendants, jointly and severally, for compensatory damages in an amount in excess of $150,000.00, for punitive damages in an amount in excess of $150,000.00, plus interest, costs, attorney's fees and such other relief as this Honorable Court may deem just.

**COUNT V**

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**PLAINTIFF, DAGMA RODRIGUEZ v. DEFENDANTS, POLICE OFFICERS**

50.     The allegations of the preceding paragraphs of this complaint are incorporated by reference herein the same as though set forth herein at length.

51.    The actions Defendants, Police Officers, as set forth in this complaint were malicious, willful, wanton, outrageous in the extreme, intolerable in a civilized society and specifically calculated to cause injury to the plaintiff.

52.    As a direct and proximate result of the conduct of Defendants, Police Officers, the plaintiff sustained mental, psychological and emotional distress; anxiety; panic; depression; fear of leaving the house; fear and dislike of being touched; impairment of intimacy and sexual relations; embarrassment; humiliation; and resulting physical injury and harm, which are likely to continue in the future.  Plaintiff has undergone and will undergo in the future great mental and physical pain and suffering.   Plaintiff has suffered and will continue to suffer loss of the enjoyment of life and life's pleasures and the ability to perform her usual and customary daily activities, avocations, and occupations.  As a further result, plaintiff has been caused to incur and may be caused to incur in the future expenses for medical care.  Plaintiff has sustained a loss of earnings and diminished earning capacity, which may continue for an indefinite time into the future.  She also has incurred other financial expenses and losses, which may continue for an indefinite time into the future.

**WHEREFORE**, plaintiff demands judgment against the defendants, jointly and severally, for compensatory damages in an amount in excess of $150,000.00, for punitive damages in an amount in excess of $150,000.00, plus interest, costs, attorney's fees and such other relief as this Honorable Court may deem just.

BY: _____
RANIA MAJOR-TRUNFIO, ESQUIRE

## VERIFICATION

I, Rania Major-Trunfio, do hereby depose and state that I am the attorney for the plaintiff herein, authorized to take this Verification, and that the facts set forth in the foregoing pleading are true and correct to the best of my knowledge, information and belief. The undersigned understands that the statements herein are made subject to the penalties of 18 Pa. C.S.§4904 relating to unsworn falsification to authorities.

_____
Rania Major-Trunfio, Esquire

Dated: 4/5/10